Williams, J.
 

 Although the lease involved here as originally acknowledged purports to demise the premises described therein for a term of thirty years, the plaintiff, appellant herein, contends the instrument gives rise to an estate only from year to year for the reason that the acknowledgments are not all certified “on the same sheet on which the instrument is written or printed” as required by Section 8510, General Code. It is conceded that in other respects the lease was executed with due formalities.
 

 The controlling inquiry therefore is as to whether the original acknowledgments were certified according to law. If these certificates comply with the statutes of Ohio, the lease is a valid and binding obligation and there is no need to concern ourselves with the effect of the reacknowledgment; nor will it be necessary to consider defendants’ alleged right to reformation except in determining the form of the judgment to be entered in this court.
 

 Section 8510, General Code, reads: “A deed, mortgage, or lease of any estate or interest in real property, must be signed by the grantor, mortgagor, or lessor, and such signing be acknowledged by the grantor, mortgagor, or lessor in the presence of two witnesses, who shall attest the signing and subscribe their names to the attestation. Such signing also must be acknowledged by the grantor, mortgagor, or lessor before a judge of a court of record in this state, or a clerk thereof, a county auditor, county surveyor,
 
 *88
 
 notary public, mayor, or justice of the peace, who shall certify the acknowledgment on the same sheet on which the instrument is written or printed, and subscribe his name thereto.”
 

 In this connection it is important to bear in mind Section 8517, General Code, which provides: “Nothing in'this chapter contained shall affect the validity of any lease of school or ministerial lands, for any term not exceeding ten years; or of any other lands, for any term not exceeding three years; or require such lease to be attested, acknowledged or recorded.” As the lease in controversy is for a term of more than three years, Section 8510 governs.
 

 Although the latter section has been in force in substantially its present form since 1831, there are few cases interpreting it that bear upon the point of controversy. In
 
 Winkler
 
 v.
 
 Higgins,
 
 9 Ohio St., 599, the certificate of acknowledgment was made “upon a
 
 separate strip of paper
 
 attached to the deed by a wafer, with the officer’s seal upon the same,” and it was held that the certificate did not comply with the statute; but in
 
 Norman
 
 v.
 
 Shepherd,
 
 38 Ohio St., 320, involving a mortgage deed written upon two sheets of paper attached together by two brass fastenings, on the second sheet of which appeared a part of the mortgage deed, the signatures of the grantors and their seals, the signatures of the witnesses, and the certificate of acknowledgment, the instrument was held valid.
 

 Here we have a factual situation somewhat different as to eight of the nine certificates of acknowledgment. The original lease was offered in evidence and is before us. It consists of nineteen sheets of paper, eight by ten inches, with a blueprint of the leased premises at the back, all inclosed in paper covers of the same size as the sheets. There is no writing or typewriting on the back of any sheet except the sixteenth on the back of which is the certificate of acknowledgment of
 
 *89
 
 the lessor John. C. Bntte and nothing more. On the face of the first fifteen sheets is all the instrument of lease which precedes the testatum clause. On the face of the sixteenth sheet is the testatum clause followed by the signatures of the lessors and lessee, the attestation clause and the signatures of the attesting witnesses ; then at the bottom and under those signatures is a recital to show that interlineations were made before the execution of the instrument. On the face of the seventeenth, eighteenth and nineteenth sheets appear merely eight separate certificates of acknowledgments, those of the lessee and all other parties. There are two acknowledgments of John C. Butte, of which one is certified on back of the sixteenth sheet as heretofore stated and the other on the seventeenth sheet. All the sheets, the blueprint and the covers are bound together in book form, that is on the side, by three brass staples and two brass rivets. The so-called staples are easily removed without injury to themselves or the paper; but the rivets can be removed only by mutilating them or the paper parts or both. Under these circumstances there is such permanence and unity to the document as to make the sheets, cover and blueprint one entity.
 

 Since it is undisputed that the lease was made up and bound together in the foregoing manner at the time it was executed, attested and acknowledged, it remains only to inquire whether the statute was substantially complied with as to the acknowledgments.
 

 When the provision now found in Section 8510, General Code, was enacted, more than a hundred years ago, deeds, mortgages and leases were usually and could easily be written in their entirety on a single sheet of paper. In recent years many of such instruments are so long that to write or print them on one sheet would require a roll of paper. Often, too, the acknowledgments are so numerous as to present the same difficulty. What the Legislature sought by the
 
 *90
 
 enactment of the provisions now found in Section 8510 was no doubt the prevention of fraud that might be readily perpetrated if the certificate of acknowledgment were on a sheet separate from the instrument itself. With respect to the lease in litigation this danger is eliminated because the certificates are bound to the other parts by rivets so as to make a unified whole. The better view appears to be that the instrument substantially complied with the statute.
 

 It follows that the Court of Common Pleas was warranted in adjudging that the lease was executed and acknowledged according to law, and that the Court of Appeals erred in reaching the opposite conclusion and then adjudging a reformation on the undisputed facts. The judgment of each court, however, left the lease a binding and subsisting obligation between the parties. Since the parties were bound by the terms of the lease in either event, no prejudice resulted to plaintiff from its reformation.
 

 The error committed by the Court of Appeals, not being prejudicial, the judgment of that court will be affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Day, Zimmerman, Myers, Matthias and Hart, JJ., concur.