CITIZENS HOME SAVINGS COMPANY, APPELLEE, *v.* CENTURY CONSTRUCTION COMPANY ET AL.; MACK CONCRETE, INC., D.B.A. MACK READY MIX CONCRETE, INC., APPELLANT.

(Nos. 3776 through 3784—Decided June 19, 1985.)

*Anthony B. Giardini,* for appellee.
*John C. Oberholtzer,* for appellant.

GEORGE, P.J. The defendant-appellant, Mack Concrete, Inc., d.b.a. Mack Ready Mix Concrete, Inc. ("Mack Concrete"), appeals the order of the trial court granting summary judgment in favor of the plaintiff-appellee, Citizens Home Savings Company ("Citizens"), in nine separate fore-closure actions. This court affirms these judgments.

On February 3, 1984, Citizens filed nine foreclosure actions against defendant Century Construction Company ("Century") in the Lorain County Court of Common Pleas. Also named as defendants were Robert Glover, Sr. and Mary Ann Glover, both of whom had signed the mortgage notes; the county treasurer; and Mack Concrete. Five cases were assigned to one judge. The other four were assigned to a different judge.

In each case, Century and the Glovers filed an answer admitting the execution of the mortgage deeds and mortgage notes, and further admitting that the amount alleged to be owing Citizens was true. Mack Concrete filed an answer to each of the complaints asserting the affirmative defense that the mortgages covering each property were defectively executed. Mack Concrete also filed cross-claims asserting that it held a judgment lien against Century and Robert Glover for $21,214.70.

On March 15, 1984, Citizens filed motions for summary judgment against each of the defendants. These motions were granted. However, the judgments were vacated to permit Mack Concrete additional time to complete its discovery. Mack Concrete then filed memoranda in opposition to the motions for summary judgment. Subsequently, Citizens' motions for summary judgment in each of the cases were granted. Mack Concrete appeals from these judgments. The nine cases have been consolidated for purposes of appeal.

\* \* \*[1]

Assignment of Error II

"A common pleas court, when construing all the evidence in a light favorable to the nonmoving party, cannot grant summary judgment when there is a genuine issue of fact which must be resolved."

Mack Concrete argues that a genuine issue exists concerning whether Citizens' mortgages on the properties owned by Century were properly executed. As such, Mack Concrete contends the trial courts erred in granting summary judgment in favor of Citizens.

In common pleas case Nos. 92701,

---

[1] The text of the opinion as it appears herein was abridged by Judge George.

92702, 92703, 92705, 92706, 92707, and 92708, Mack Concrete contends that Harold West's deposition constitutes evidence that the witnesses were not present to witness the mortgagor's (Robert Glover's) signature, as required under R.C. 5301.01. This court has reviewed this deposition and finds that it does not raise a genuine issue of fact as to whether the mortgages were properly witnessed. Rather, the following excerpt, found on page 18 of the deposition, constitutes proof that the procedure required under R.C. 5301.01 was met:

"Q. How did you handle these acknowledgments with Mr. Glover; would he come in the office and you asked him to raise his hand or what?

"A. I don't recall that I asked him to raise his hand, but I asked him to acknowledge — it was his signature, of course, I'm right there.

"Q. Where would Lillian have been?

"A. She is the closest desk really to my door.

"Q. So the other person we were talking about?

"A. She was a little further removed, but she would have been right around the corner. Sometimes I would call them in, sometimes I'd walk right around the corner.

"Q. Say here, would you sign this?

"A. Yes, while he was there."

Mack Concrete next argues that the mortgages were defective because the acknowledgments in these cases, specifically common pleas case No. 92704, were taped to the mortgages and that the place of acknowledgment was incorrect. This argument is without merit. The fact that an acknowledgment is taped to an instrument is immaterial. See, generally, *S. S. Kresge Co.* v. *Butte* (1939), 136 Ohio St. 85 [16 O.O. 5]. Further, the fact that the acknowledgment did not state that it was acknowledged in Elyria will not invalidate the mort-

gage. *Mid-American Natl. Bank & Trust Co.* v. *Gymnastics Internatl., Inc.* (1982), 6 Ohio App. 3d 11.

Mack Concrete next argues that the mortgage in common pleas case No. 92708 was defective because the notary failed to include the date on which it was notarized (May 17, 1983). This error will not defeat the mortgage. *Mid-American Natl. Bank & Trust Co.* v. *Gymnastics Internatl., Inc., supra.*

Finally, in common pleas case No. 92709, Mack Concrete argues that the note for the loan was dated seven days after the mortgage deed was executed. This fact, standing alone, will not defeat the mortgage. See, generally, 37 Ohio Jurisprudence 2d (1959) 252, Mortgages, Section 62.

Accordingly, this assignment of error is overruled. The judgments of the trial courts are affirmed.

*Judgments affirmed.*

MAHONEY and BAIRD, JJ., concur.