Judgment affirmed in part<br/>and reversed in part.

HANDWORK and SHOW, JJ., concur.

---

**HUNTINGTON NATIONAL BANK, Appellee,**

v.

**KAZMAIER et al., Appellants.**

[Cite as *Huntington Natl. Bank v. Kazmaier*, 175 Ohio App.3d 130, 2008-Ohio-603.]

Court of Appeals of Ohio,
Sixth District, Wood County.

No. WD–07–040.

Decided Feb. 15, 2008.

Kevin A. Heban and Gerald E. Galernik, for appellants.

HANDWORK, Judge.

{¶ 1} This case is before the court on appeal from a judgment of the Wood County Court of Common Pleas.

{¶ 2} Appellants, Terrence J. Kazmaier and Tamara A. Sodders, are the children of Elizabeth and Paul Kazmaier. Timothy Kazmaier is also a child of Elizabeth and Paul and the sibling of Terrence and Tamara. In March 2002, Elizabeth and Paul each executed a separate power of attorney that allowed either Terrence or Timothy to act in his or her stead "concerning any and all property, real or personal, wheresoever situated, estates, trusts, businesses, and

enterprises in which I have or may have any right, title, interest or concern of any nature."

{¶ 3} Elizabeth Kazmaier died on December 31, 2003, and her interest in the couple's real property passed to Paul, who died on June 10, 2004. Terrence, Tamara, and Timothy were each devised a one-third interest in that property.

{¶ 4} In September 2003, however, Timothy had exercised both his father's and his mother's grant of a power of attorney over their property to obtain a line of credit in the amount of $55,000 from appellee, Huntington National Bank. The security for the line of credit was a mortgage on real property own by his parents and located at 718 Elm Street in Perrysburg, Wood County, Ohio. The mortgage was also executed in the names of Elizabeth Kazmaier and Paul Kazmaier by Timothy using his power of attorney for each of his parents.

{¶ 5} On May 2, 2006, appellee filed a complaint naming appellants, Timothy, and the unknown heirs, executors, administrators, and assigns of Paul Kazmaier as defendants. Appellee asked the trial court to award it $42,477.48, plus interest and late charges, incurred by Timothy on the line of credit and for foreclosure on the mortgage securing the line of credit. Appellants answered and filed a cross-claim against Timothy and a counterclaim against appellee.

{¶ 6} In their counterclaim, appellants alleged that the powers of attorney used by Timothy to acquire the credit line and mortgage were invalid, that their parents had not received any of the monies obtained by means of the credit line, and that the bank had "assumed the risk" by lending money to Timothy. In addition, appellants contended that appellee had allowed Timothy to draw on the line of credit after their father's death, thereby lending him money premised on an invalid power of attorney. Appellants argued that appellee was, at a minimum, negligent, and they asked for damages, invalidation of any line of credit based upon the assets of Elizabeth and Paul Kazmaier, and attorneys fees.

{¶ 7} After filing an answer to appellants' counterclaim, appellee filed a motion for a judgment on the pleadings pursuant to Civ.R. 12(C). Appellee contended that no special relationship existed between it and any member of the Kazmaier family, and therefore the bank had no duty to protect appellants from Timothy's alleged misconduct. Appellants opposed the motion and asserted, as they had in their counterclaim, that their parents had not received any funds drawn on the line of credit established by Timothy. They further asserted that appellee had failed to offer any valid power of attorney and that financial institutions could be found negligent because they owe a duty to their customers. Appellee filed a reply brief and cases in support thereof, reiterating that no fiduciary duty exists between a bank and its customers. Over appellants' objection, appellee also filed the powers of attorney executed by Elizabeth and Paul.

{¶ 8} On September 26, 2006, the trial court granted appellee's motion for a judgment on the pleadings. The court determined, based upon the pleadings, that a contractual bank-customer relationship existed between appellants' parents, appellee, and Timothy. It found, however, as a matter of law, that appellee owed no duty to appellants because they were not customers of the bank. Therefore, the court below granted appellee's motion for a judgment on the pleadings on appellants' counterclaim alleging negligence.

{¶ 9} Appellee subsequently filed a motion for summary judgment on its foreclosure claim, which was supported by authenticated duplicate copies of the credit-line agreement, the mortgage, the power of attorney granted by Elizabeth to Terrence and Timothy, and the power of attorney granted by Paul to Terrence and Timothy. Appellee maintained that no question of fact existed on the following issues: (1) Elizabeth and Paul Kazmaier, through the power of attorney granted to Timothy Kazmaier, executed a personal-credit-line agreement with a limit of $55,000, (2) Elizabeth and Paul Kazmaier, through the power of attorney granted to Timothy Kazmaier, entered into an open-ended mortgage on the property at 718 Elm Street to secure the personal line of credit, (3) Elizabeth and Paul Kazmaier, through the power of attorney granted to Timothy Kazmaier, agreed to make minimum monthly payments on the loan and would be in default if they did not do so, (4) Elizabeth and Paul defaulted on the loan, and (5) pursuant to the contract for the personal credit line, appellee had the right to accelerate the loan and foreclose on the property at 718 Elm Street.

{¶ 10} In their memorandum in opposition, appellants urged that the powers of attorney were defective in that they did not comply with R.C. 5301.01(A) because they were not acknowledged by the grantors in the presence of a notary public. Appellants attached the opinion of an expert witness, James E. Goranson, to the effect that the powers of attorney were invalid "because the names of the Grantors are not set forth in the notary clause and, therefore, the Powers of Attorney were not properly acknowledged." Goranson, an attorney, also opined that the mortgage was not valid because it was not properly acknowledged under the Ohio Revised Code. Specifically, Goranson averred that the acknowledgment was improper because it stated it was acknowledged "by Paul C. Kazmaier and Elizabeth Kazmaier, A.K.A. Elizabeth A. Kazmaier, husband and wife," but the mortgage was signed only by their agent exercising the powers of attorney.

{¶ 11} Appellee filed a reply in which it argued that the powers of attorney did comply with R.C. 5301.01(A) or, in the alternative, that substantial compliance with the statute is sufficient. The bank made the same argument with regard to the mortgage. The trial court agreed with appellee and found that both the powers of attorney and the mortgage substantially complied with the formalities

of R.C. 5301.01. Consequently, the court granted appellee's motion for summary judgment.

{¶ 12} Appellants subsequently voluntarily dismissed, without prejudice, their cross-claim against Timothy. They appeal the judgment of the trial court and ask this court to consider the following assignments of error:

{¶ 13} "I. The trial court erred when it dismissed defendant-appellants' counterclaim.

{¶ 14} "II. The trial court erred when it granted plaintiff-appellee's motion for summary judgment."

{¶ 15} In assignment of error No. I, appellants contend that the trial court erred in granting appellee's motion for a judgment on the pleadings on their counterclaim sounding in negligence. Appellants again argue that appellee improperly permitted Timothy, a "non-title holder" of the property at 718 Elm Street, to obtain a personal line of credit and execute a mortgage on property that he did not own. Second, appellants repeat the argument that customers of a bank may pursue a negligence action against that bank because the bank owes a duty to its customers. Appellants conclude that because this duty, which may rise to the level of a fiduciary duty, exists, a duty flows naturally "to the next of kin of a customer who is defrauded by the bank itself."

{¶ 16} A Civ.R. 12(C) motion tests the legal basis for the claims asserted in a complaint; therefore, our standard of review is de novo. *Chromik v. Kaiser Permanente*, 8th Dist. No. 89088, 2007-Ohio-5856, 2007 WL 3203111, ¶ 6. A motion for judgment on the pleadings is granted when, after viewing the allegations and reasonable inferences therefrom in the light most favorable to the nonmoving party, it is apparent that the moving party is entitled to judgment as a matter of law. *Brown v. Wood Cty. Bd. of Elections* (1992), 79 Ohio App.3d 474, 477, 607 N.E.2d 848, citing *Peterson v. Teodosio* (1973), 34 Ohio St.2d 161, 165–166, 63 O.O.2d 262, 297 N.E.2d 113. In order to grant the motion, a trial court must find beyond doubt that the plaintiff can prove no set of facts in support of the claim that would entitle him or her to relief. *State ex rel. Midwest Pride IV, Inc. v. Pontious* (1996), 75 Ohio St.3d 565, 570, 664 N.E.2d 931.

{¶ 17} With regard to appellants' first argument, a reading of their counterclaim and construing all allegations therein as true reveals that appellants admit that Timothy held powers of attorney (valid or not) to act on behalf of his parents. Therefore, Timothy had the authority, even as a non-title holder, to use 718 Elm Street as security for a line of credit for his parents. The fact that he allegedly used the line of credit for his own benefit goes to appellants' cross-claim against their brother, not to their counterclaim against appellee. Therefore, this argument on this issue lacks merit.

{¶ 18} As to appellants' second assertion, in order to state a valid claim in negligence against appellee, appellants were required to demonstrate that (1) a duty was owed to appellants by appellee, (2) the duty was breached, ( 3) an injury resulted, and (4) the breach of the duty was the proximate cause of the injury. *Armstrong v. Best Buy Co., Inc.*, 99 Ohio St.3d 79, 2003-Ohio-2573, 788 N.E.2d 1088, ¶ 8. In the present cause, absent a special relationship giving rise to a fiduciary duty, appellee owed no duty to Elizabeth and Paul Kazmaier or to Timothy Kazmaier. See *Groob v. KeyBank*, 108 Ohio St.3d 348, 2006-Ohio-1189, 843 N.E.2d 1170, ¶ 17. In fact, the debtor-creditor relationship in the case before us did not create any duty on the part of appellee to its customers, to wit, Elizabeth, Paul, and Timothy. See id; *Collins v. Natl. City Bank*, 2d Dist. No. 19884, 2003-Ohio-6893, 2003 WL 22971874, ¶ 12.

{¶ 19} Furthermore, a review of the allegations in their counterclaim reveals that appellants were not even customers of the bank. Therefore, because appellee owed no duty to its customers in this cause, it could owe no duty to appellants. Thus, the trial court properly found, in viewing the allegations in the pleadings in a light most favorable to appellants, that appellee owed no duty to either Terrence or Tamara. Lacking any duty on the part of appellee, appellants could not establish a claim based upon the bank's alleged negligence. The trial court did not err in granting appellee's motion for a judgment on the pleadings on appellants' counterclaim. Appellants' assignment of error No. I is not well taken.

{¶ 20} In assignment of error No. II, appellants maintain that the trial court erred in granting appellee summary judgment on the issue of whether it was entitled to a judgment of foreclosure. Appellants claim, as they did below, that both the powers of attorney and the mortgage do not comply with R.C. 5301.01.

{¶ 21} Appellate courts review the grant of summary judgment de novo, applying the standard used by the trial court. *Grafton v. Ohio Edison Co.* (1996), 77 Ohio St.3d 102, 105, 671 N.E.2d 241. Accordingly, an appellate court reviews the same evidence that was properly before the trial court. *Am. Energy Servs., Inc. v. Lekan* (1992), 75 Ohio App.3d 205, 208, 598 N.E.2d 1315. Summary judgment is appropriate if there is no genuine dispute of a material fact so that the issue is a matter of law and reasonable minds could come to but one conclusion, that being in favor of the moving party. Civ.R. 56(C); *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317, 327, 4 O.O.3d 466, 364 N.E.2d 267.

{¶ 22} In the present case, appellants argue, in essence, that the opinion of Goranson created a genuine issue of fact as to whether the powers of attorney were validly acknowledged and whether, therefore, the mortgage is enforceable as a valid lien on the property at 718 Elm Street.

{¶ 23} Goranson's conclusion that the powers of attorney and mortgage did not strictly comply with R.C. 5301.01 does not necessarily create a genuine issue of *material* fact from a legal standpoint. *Burgos v. Areway, Inc.* (1996), 114 Ohio App.3d 380, 384, 683 N.E.2d 345. To be specific, substantial compliance with the statute is sufficient to generate a valid power of attorney and/or mortgage. See *Citizens Home Savs. Co. v. Century Constr. Co.* (1985), 27 Ohio App.3d 245, 27 OBR 287, 500 N.E.2d 879; *Mid-American Natl. Bank & Trust Co. v. Gymnastics Internatl., Inc.* (1982), 6 Ohio App.3d 11, 6 OBR 34, 451 N.E.2d 1243; *Collins v. Zambrano* (Feb. 16, 1990), 6th Dist. No. L–89–075, 1990 WL 12723.

{¶ 24} R.C. 1337.01 provides that a power of attorney relating to an interest in real property must be signed, attested to, acknowledged, and certified as set forth in R.C. 5301.01, which reads:

{¶ 25} "(A) A deed, mortgage, land contract as referred to in division (A)(2)(b) of section 317.08 of the Revised Code, or lease of any interest in real property and a memorandum of trust as described in division (A) of section 5301.255 of the Revised Code shall be signed by the grantor, mortgagor, vendor, or lessor in the case of a deed, mortgage, land contract, or lease or shall be signed by the trustee in the case of a memorandum of trust. The signing shall be acknowledged by the grantor, mortgagor, vendor, or lessor, or by the trustee, before a judge or clerk of a court of record in this state, or a county auditor, county engineer, *notary public,* or mayor, who shall certify the acknowledgment and subscribe the official's name to the certificate of the acknowledgment." (Emphasis added.)

{¶ 26} As applied to the case before us, each of the power-of-attorney acknowledgment clauses states: "IN WITNESS WHEREOF, I have this 4th day of March, 2002, signed this Power of Attorney." Beneath this line, on the left hand side of the document, are the words "Signed and Acknowledged in the presence of:" and the name of the notary public who witnessed the signature of either Elizabeth or Paul Kazmaier. Each of those signatures is immediately to the right of the acknowledgment. The notary public's seal is immediately below her name. We conclude, therefore, that the powers of attorney substantially comply with R.C. 5301.01(A).

{¶ 27} Appellants also argue that the mortgage is invalid because the acknowledgment clause in the mortgage states that it was signed by Elizabeth Kazmaier, and Paul Kazmaier, but it was never signed by either of these individuals. A review of the mortgage discloses that the acknowledgment clause was signed, on behalf of Elizabeth Kazmaier and Paul Kazmaier, by Timothy Kazmaier in the exercise of the valid powers of attorney granted to him by his parents. The legal conclusion reached by appellants' expert on this issue was that a mortgage signed by an agent under a power of attorney does not comply with R.C. 5301.01. Such a conclusion flies in the face of R.C. 1337.01 which, as a matter of law, not fact,

allows the holder of a valid power of attorney to mortgage real property. In sum, due to the fact that the powers of attorney granted to Timothy Kazmaier are valid, we must agree with the trial court in finding that the mortgage in this cause is valid. Accordingly, the trial court did not err in granting appellee's motion for summary judgment on its foreclosure claim, and appellants' assignment of error No. II is not well taken.

{¶ 28} The judgment of the Wood County Court of Common Pleas is affirmed. Appellants are ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.

Judgment affirmed.

PIETRYKOWSKI, P.J., and SKOW, J., concur.