ELECTRONIC CITATION:  2009 FED App. 0013P (6th Cir.)
File Name:  09b0013p.06

**BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT**

| | |
|---|---|
| In re:   SHIRLEY INGERSOLL, | ) |
| | ) |
| Debtor. | ) |
| —————————————————— | ) |
| | ) |
| WILLIAM TODD DROWN, | ) |
| | ) |
| Plaintiff-Appellant, | )       No. 09-8018 |
| | ) |
| | ) |
| v. | ) |
| | ) |
| NATIONAL CITY BANK, | ) |
| | ) |
| Defendant-Appellee. | ) |
| | ) |
| —————————————————— | ) |

Appeal from the United States Bankruptcy Court
for the Southern District of Ohio, Eastern Division at Columbus.
Case No. 07-58850; Adversary No. 08-2003.

Argued:  November 4, 2009

Decided and Filed:  December 4, 2009

Before: FULTON, HARRIS, and SHEA-STONUM, Bankruptcy Appellate Panel Judges.

—————————————

**COUNSEL**

**ARGUED:**  William Todd Drown, FOLLAND & DROWN LPA, Mount Vernon, Ohio, for Appellant. **ON BRIEF:** William Todd Drown, FOLLAND & DROWN LPA, Mount Vernon, Ohio, for Appellant.

---

**OPINION**

---

MARILYN SHEA-STONUM, Bankruptcy Appellate Panel Judge. This is an appeal of the bankruptcy court's grant of summary judgment in favor of Defendant - Appellee, National City Bank ("NCB"), in an adversary proceeding commenced by William Todd Drown, Chapter 7 Trustee (the "Chapter 7 Trustee"), pursuant to 11 U.S.C. § 544(a)(3) seeking to avoid NCB's mortgage on the one-half interest in certain property once owned by Shirley Ingersoll's now deceased husband.

## I. ISSUE ON APPEAL

The issue presented by this appeal is whether the bankruptcy court erred in concluding that NCB's mortgage was valid despite the fact that the notary's certificate of acknowledgment stated that both Shirley Ingersoll and her husband personally appeared and signed the mortgage when, in fact, Shirley Ingersoll appeared and signed for herself and, by virtue of a valid power of attorney, her husband.

## II. JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel for the Sixth Circuit has jurisdiction to decide this appeal. The United States District Court for the Southern District of Ohio has authorized appeals to the Panel, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6) & (c)(1). A bankruptcy court's final order may be appealed as of right. 28 U.S.C. § 158(a)(1). For the purpose of an appeal, a final order is one that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798; 109 S.Ct. 1494, 1497 (1989). An order granting summary judgment constitutes a final order. *Menninger v. Accredited Home Lenders (In re Morgeson)*, 371 B.R. 798, 800 (B.A.P. 6th Cir. 2007).

The issue raised on appeal here challenges the bankruptcy court's interpretation of Ohio state law and certain contractual provisions. Interpretations of state law and contractual provisions constitute conclusions of law. *See Lebovitz v. Hagemeyer (In re Lebovitz)*, 360 B.R. 612, 615 (B.A.P. 6th Cir. 2007); *Van Aken v. Van Aken (In re Van Aken)*, 320 B.R. 620, 623 (B.A.P. 6th Cir.

2005); *Official Unsecured Creditors Comm. of Valley-Vulcan Mold Co. v. Ampco-Pittsburgh Corp. (In re Valley-Vulcan Mold Co.)*, 237 B.R. 322, 326 (B.A.P. 6th Cir. 1999); *Hamo v. Wilson (In re Hamo)*, 233 B.R. 718, 721 (B.A.P. 6th Cir. 1999); *The Beneke Co., Inc. v. Economy Lodging Sys., Inc. (In re Economy Lodging Sys., Inc.)*, 234 B.R. 691, 693 (B.A.P. 6th Cir. 1999).

A bankruptcy court's conclusions of law require *de novo* review. *LTV Steel Co., Inc. v. Bricker (In re LTV Steel Co., Inc.)*, 560 F.3d 449, 452 (6th Cir. 2009). "Under a *de novo* standard of review, the reviewing court decides an issue independently of, and without deference to, the trial court's determination." *Buckeye Check Cashing, Inc. v. Meadows* (*In re Meadows),* 396 B.R. 485 (B.A.P. 6th Cir. 2008).

## III.   FACTS

The relevant facts are not in dispute and are well stated by the bankruptcy court. Therefore, they are not repeated here.

## IV.   DISCUSSION

As noted above, the conclusions of law are to be reviewed *de novo*. After conducting such a review in this appeal, the Panel finds the bankruptcy court's Memorandum Opinion Denying Plaintiff's Motion for Summary Judgment and Granting Defendant's Cross-Motion for Summary Judgment contains a complete and well-reasoned analysis of applicable law.

## V.   CONCLUSION

The Panel adopts the reasoning and analysis of the bankruptcy court in its entirety and affirms the order granting summary judgment to National City Bank.