NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0504n.06

No. 10-3009

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

FILED

*Jul 20, 2011*

LEONARD GREEN, Clerk

SHIRLEY A. INGERSOLL )
)
    Debtor )
)
------------------------------------------------------------- )
) ON APPEAL FROM THE
WILLIAM TODD DROWN, ) BANKRUPTCY APPELLATE
) PANEL
    Plaintiff-Appellant, )
)
v. ) OPINION
)
NATIONAL CITY BANK, )
)
    Defendant-Appellee. )

**BEFORE:**    **ROGERS and McKEAGUE, Circuit Judges; DONALD, District Judge.**[*]

    **Per Curiam.**  In this case, the Trustee seeks to avoid the Debtor's mortgage, arguing that the certificate of acknowledgment was invalid because it stated that the Debtor and her husband personally appeared and signed the mortgage when, in fact, only the Debtor appeared and signed for herself and, by virtue of a valid power of attorney, her husband. The bankruptcy court and Bankruptcy Appellate Panel found that the certificate of acknowledgment was valid. We affirm.

---

    [*]The Honorable Bernice B. Donald, United States District Judge for the Western District of Tennessee, sitting by designation.

The facts of this case are undisputed and we briefly summarize them here. On February 4, 2005, Dallas M. Ingersoll ("Mr. Ingersoll") executed a valid general power of attorney appointing his wife, Shirley A. Ingersoll ("Mrs. Ingersoll") as his attorney-in-fact for all business, financial and legal matters. That same day, Mrs. Ingersoll executed an open-end mortgage on real property that was owned jointly by the Ingersolls with the right of survivorship. Mrs. Ingersoll signed for herself and, next to her husband's name, she signed: "Dallas M. Ingersoll Husband by Shirley A. Ingersoll P.O.A." Directly following these signatures was a notarized certificate of acknowledgment, which included the following:

> BEFORE ME a Notary Public . . . personally appeared the above named  Shirley A. Ingersoll  and  Dallas M. Ingersoll  who acknowledge that  they  did sign the foregoing instrument, and that the same is  their  free act and deed.

Mr. Ingersoll did not actually personally appear before the notary. Shortly thereafter, Mr. Ingersoll passed away. On October 31, 2007, Mrs. Ingersoll filed a voluntary Chapter 7 bankruptcy petition. William Todd Drown ("Trustee"), the Trustee, commenced an adversary proceeding pursuant to 11 U.S.C. § 544(a)(3)—which provides that a trustee has the same rights that a bona fide purchaser for value would enjoy under state law—seeking to avoid the mortgage, which is held by Defendant National City Bank ("National City").

Ohio law provides that a defective instrument does not provide notice and is not binding on a subsequent bona fide purchaser. *See Citizens Nat'l Bank in Zanesville v. Denison*, 133 N.E.2d 329, 333 (Ohio 1956); Ohio Rev. Code § 5301.25(A). For a mortgage to be properly executed under Ohio law, (1) the mortgage must be signed by the mortgagor; (2) the signing must be acknowledged before a notary public; and (3) the notary must subscribe his or her name to the certificate of

acknowledgment. *See* Ohio Rev. Code § 5301.01(A). Ohio law imposes two additional requirements in the case of a mortgage made by virtue of a power of attorney. First the mortgage "made by virtue of a power of attorney, must contain the name of the . . . mortgagor . . ." Ohio Rev. Code § 1337.02. Second, prior to the recording of the mortgage, there must be a power of attorney recorded in the office of the county recorder of the county in which the real property is located. *See* Ohio Rev. Code § 1337.04. If the statutory requirements are met, a mortgage "made by virtue of a power of attorney . . . shall . . . mortgage . . . the interest of such . . . mortgagor . . . as fully as if such mortgage . . . were executed by such . . . mortgagor . . . in person." Ohio Rev. Code § 1337.02.

The Trustee contends that the mortgage was rendered defective as to Mr. Ingersoll's one-half interest by virtue of the certificate of acknowledgment, which he alleges was invalid for at least one of two reasons: (1) the acknowledgment did not disclose that Mrs. Ingersoll appeared as power of attorney for Mr. Ingersoll, or (2) the certificate of acknowledgment's statement that Mr. Ingersoll personally appeared before the notary was false. The bankruptcy court disagreed, in a thorough opinion, finding that the certificate of acknowledgment was valid under Ohio law. First, the court concluded that because Mrs. Ingersoll undisputedly had complete authority under Ohio law to mortgage Mr. Ingersoll's one-half interest in the property, "her signature was the only one that needed to be acknowledged, and her acknowledgment was the only one that needed to be certified." *Drown v. National City Bank (In re Ingersoll)*, 403 B.R. 505, 510–11 (Bankr. S.D. Ohio 2009). Next, the bankruptcy court consulted Ohio statutory and case law and found no requirement that the certificate of acknowledgment disclose that an individual acknowledged as a power of attorney. Moreover, the court recognized that Ohio courts have applied a doctrine of substantial compliance

to find mortgages valid and enforceable when the acknowledgment certificate contains errors. *Id*. at 511– 13 (noting that under this doctrine one Ohio court held that a mortgage was valid when the certificate of acknowledgment stated that the mortgagors signed the mortgage when, in fact, the mortgage was signed by someone else pursuant to a power of attorney). Indeed, the bankruptcy court found that, because there was no legal requirement that Mr. Ingersoll appear or sign himself, the fact that the acknowledgment suggested that he had personally appeared was surplusage that does not affect the validity of the acknowledgment. *Id*. at 512. Further, the bankruptcy court distinguished this case from cases where the acknowledgment was deemed defective because statutorily-required information was omitted, and from a case in another jurisdiction with substantially similar facts, on the basis that Ohio courts have taken a contrary view to the importance of inconsistencies between the acknowledgment and the mortgage. *Id*. at 512–13. The Bankruptcy Appellate Panel affirmed on the basis of the bankruptcy court opinion. *Drown v. National City Bank* (*In re Ingersoll)*, 420 B.R. 414 (B.A.P. 6th Cir. 2009).

National City did not submit a brief in this case. We have conducted *de novo* review of the record, the Trustee's arguments and the relevant law. After doing so, we find ourselves in agreement with the bankruptcy court's well-reasoned application of Ohio law, and we think that any additional analysis would be unnecessarily duplicative. Accordingly, we **AFFIRM** the decision of the court below.